UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PO-HAI TANG,<br><br>    Plaintiff,<br><br>vs.<br><br>CS CLEAN SYSTEMS AG,<br><br>    Defendant. | CASE NO. 11-cv-00212 BEN (RBB)<br><br>**ORDER:**<br><br>**(1) VACATING RULE 4(M) DISMISSAL HEARING**<br><br>**(2) GRANTING APPLICATION FOR AUTHORIZATION OF ALTERNATIVE SERVICE**<br><br>[Docket No. 4] |

On July 12, 2011, the Court issued a Notice of Hearing for Dismissal for Want of Prosecution Pursuant to Federal Rule of Civil Procedure 4(m). (Docket No. 3.) Plaintiff filed a response to the Notice of Hearing on July 15, 2011. (Docket No. 4.) For the reasons set forth below, the Court **VACATES** the Rule 4(m) Hearing scheduled for August 1, 2011. In addition, the Court **GRANTS** Plaintiff's Application for Authorization of Alternative Service.

### BACKGROUND

Plaintiff Po-Hai Tang filed a complaint against Defendant CS Clean Systems AG on February 1, 2011. As of July 12, 2011, Plaintiff had not filed proof of service of process on Defendant. Accordingly, the Court issued a Notice of Hearing for Dismissal for Want of Prosecution Pursuant to Federal Rule of Civil Procedure 4(m), in which it scheduled a hearing for August 1, 2011. (Docket No. 3.)

1    Plaintiff filed a Response to the Notice of Hearing and Application for Authorization of
2    Alternative Service on July 15, 2011. (Docket No. 4.) In it, Plaintiff notified the Court that Defendant
3    CS Clean Systems AG is a foreign corporation headquartered in Germany. (Pl. Resp. at 2.) On
4    February 8, 2011, Plaintiff's counsel mailed the summons, complaint, and other service documents,
5    as well as German translations of the documents, to the Central Authority in Munich, Germany,
6    pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in
7    Civil or Commercial Matters. (Tang Decl. ¶ 3, Ex. 1.) On May 24, 2011, Plaintiff's counsel wrote
8    to the Central Authority, requesting an update on its service efforts. (*Id.* Ex. 2.) The next day, the
9    Central Authority informed Plaintiff's counsel that Defendant had requested a German court to instruct
10   the Central Authority to forgo service, and a decision by the court was pending. (*Id.* Ex. 3.) On June
11   7, 2011, Plaintiff's counsel asked the Central Authority to advise counsel of the date on which the
12   Central Authority attempted to serve Defendant. (*Id.* Ex. 4.) Plaintiff's counsel did not receive a
13   response. (*Id.* ¶ 5.)

## DISCUSSION

15   In its Response, Plaintiff argues that dismissal of this action under Rule 4(m) is not warranted.
16   In addition, Plaintiff requests that the Court authorize service on Defendant's U.S. counsel.

### I.   RULE 4(M) DISMISSAL HEARING

18   Rules 4(f)(1) and 4(h)(2) provide that service on a foreign corporation may be made "by any
19   internationally agreed means of service that is reasonably calculated to give notice, such as those
20   authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."
21   Rule 4(m) provides, "If a defendant is not served within 120 days after the complaint is filed, the
22   court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice
23   against that defendant or order that service be made within a specified time." However, "subdivision
24   (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." FED. R. CIV. P. 4(m);
25   *Lucas v. Natoli*, 936 F.2d 432, 432–33 (9th Cir. 1991).

26   Here, Defendant is a foreign corporation headquartered in Germany. Accordingly, Plaintiff
27   is not bound by Rule 4(m) to accomplish service within 120 days of filing the complaint. The Hearing
28   for Dismissal for Want of Prosecution Pursuant to Rule 4(m) is **VACATED**.

## II. APPLICATION FOR AUTHORIZATION OF ALTERNATIVE SERVICE

In addition, Plaintiff requests that the Court authorize service of process on Defendant's U.S. counsel, Mr. Alexander Imberg. Under Rules 4(f)(3) and 4(h)(2), the Court has discretion to authorize a method of service "not prohibited by international agreement." FED. R. CIV. P. 4(f)(3) & 4(h)(2); *see also Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) ("Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure, and we commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."). Service under Rule 4(f)(3) must "comport with constitutional notions of due process," in that it must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016–17 (internal quotation marks omitted).

Here, Plaintiff has experienced difficulties serving Defendant by the means specified in the Hague Service Convention, as explained above. Defendant's U.S. counsel, Mr. Imberg, has represented Defendant in past litigation between Plaintiff and Defendant. (Tang Decl. Exs. 5, 6.) In addition, Mr. Imberg currently serves as the agent for service of process for Defendant's wholly-owned U.S. subsidiary and exclusive U.S. distributor of Defendant's products. (*Id.* Exs. 7–9.) The Court finds that service on Mr. Imberg comports with due process because it is reasonably calculated to impart formal notice of this action on Defendant. *Cf. In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 845882, at *3 (N.D. Cal. Mar. 8, 2011) (finding that "service of defendant through its U.S. counsel will comport with due process" in similar circumstances). Accordingly, the Court **GRANTS** Plaintiff's Application for Authorization of Alternative Service.

## CONCLUSION

For the reasons set forth above, the Court **VACATES** the Rule 4(m) Hearing on August 1, 2011. In addition, the Court **GRANTS** Plaintiff's Application for Authorization of Alternative

///

///

///

1  Service. Plaintiff is **GRANTED** 30 days from the issuance of this Order to file proof of service on
2  Defendant's U.S. counsel.

4  **IT IS SO ORDERED.**

6  DATED: July 27, 2011

HON. ROGER T. BENITEZ
United States District Court Judge