FILED
SEP 13 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PO-HAI TANG,<br><br>        Plaintiff,<br>vs.<br><br>CS CLEAN SYSTEMS AG,<br><br>        Defendant. | CASE NO. 11-cv-00212 BEN (RBB)<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Docket No. 7] |

Presently before the Court is Plaintiff's Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue. (Docket No. 7.) For the reasons set forth below, the TRO Application is **DENIED**.

## BACKGROUND

On October 15, 2007, Plaintiff Po-Hai Tang filed suit against Defendant CS Clean Systems AG in San Diego County Superior Court. Defendant sought dismissal based on lack of personal jurisdiction and *forum non conveniens*. The state court held that "California is a seriously inconvenient forum with little or no interest in resolving this dispute. On that basis, the motion to dismiss is granted." (Tang Decl., Exh. 4, at 1.) The state court explained that "[n]one of the events that gave rise to Tang's claims took place in California. Tang did not then reside in California, and plainly [Defendant] is not a California corporation." (*Id.*, Exh. 4, at 3.) In addition, the state court found that either Taiwan or Germany would provide suitable forums to litigate the action. (*Id.*) The

California Court of Appeal affirmed the superior court, and the California Supreme Court denied Plaintiff's petition for review. (Brockett Decl., Exhs. 1, 2.)

On February 1, 2011, Plaintiff filed the instant action. On April 18, 2011, Defendant filed an action against Tang in Germany. (Tang Decl., Exh. 2.) To defend against that action, Tang is required to obtain an attorney who will make an appearance on his behalf in Germany on September 14, 2011. "[T]his is not a substantive or substantial requirement and is not directed to the merits. Rather, it requires merely that an attorney make an appearance by written notice on the defendants' behalf, simply stating the defendants' intent to defend the action." (Boettger Decl. ¶ 2.)

On September 2, 2011, Plaintiff applied for a TRO in this Court, requesting that the Court "direct[] Defendant CS CLEAN SYSTEMS AG to immediately cease and desist in prosecuting a meritless lawsuit in Germany against Plaintiff and Plaintiff's counsel in retaliation against them for filing the instant action, and to refrain from filing similar lawsuits during the pendency of this action." (Pl. TRO Appl. at 1.) Plaintiff claims that he will suffer irreparable harm if a TRO is not issued before September 14, 2011. Defendant filed an Opposition to the TRO Application on September 7, 2011.[1]

## DISCUSSION

### I. TEMPORARY RESTRAINING ORDER

Anti-suit injunctions "allow the court to restrain a party subject to its jurisdiction from proceeding in a foreign court in circumstances that are unjust. . . . The injunction operates in personam: the American court enjoins the claimant, not the foreign court." *E&J Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 989 (9th Cir. 2006). "A federal district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country, although the power should be used sparingly. The issue is not one of jurisdiction, but one of comity." *Id.* (internal quotation marks omitted).

The usual standard for the issuance of injunctive relief is not applicable to anti-suit injunctions; rather, "foreign litigation may be enjoined when it would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem*

---

[1] Defendant argues that this Court "should dismiss the entire action." (Def. Opp. at 1.) Whether this action should be dismissed, however, will be considered when and if a motion to dismiss is filed.

jurisdiction; or (4) where the proceedings prejudice other equitable considerations." *Id.* at 990–91. In addition, the impact to comity from issuing an anti-suit injunction must be tolerable. *Id.* at 991.

In the present case, Plaintiff has not shown that any of these four factors have been met. First, there is insufficient evidence that the action in Germany will frustrate this Court's policy, as the San Diego County Superior Court has found that the action is properly brought in either Germany or Taiwan. Second, there is insufficient evidence that the action in Germany will be vexatious or oppressive, especially where the German action was brought in accordance with the San Diego County Superior Court's finding that Germany is a proper forum for the action. Third, Plaintiff does not allege that *in rem* or *quasi in rem* jurisdiction exists in this case. Fourth, Plaintiff claims that allowing the German action to proceed would (a) "frustrate public policy" because it was brought to intimidate Plaintiff and (b) "interfer[] with this Court's administration of justice" because it would prevent Plaintiff from effectively litigating the present action. (Pl. Mot. at 3–4.) On the contrary, Plaintiff has not shown that equity favors the issuance of an anti-suit injunction, especially where Germany has been found to be a proper forum for the action.

## II. PRELIMINARY INJUNCTION

Plaintiff's TRO Application includes a request for an order to show cause why a preliminary injunction should not issue. Plaintiff is granted leave to file a motion for preliminary injunction.

## CONCLUSION

For the foregoing reasons, Plaintiff's TRO Application is **DENIED**. Plaintiff is granted leave to file a motion for preliminary injunction.

**IT IS SO ORDERED.**

DATED: September 13, 2011

HON. ROGER T. BENITEZ
United States District Court Judge